IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD JOHNSTON,

        Plaintiff,

    vs.

CITY OF TOLEDO, PETE WALL,
SHARON BRANSTITTER and the
ESTATE OF SHARON BRANSTITTER,
JAMES RUGGERI, DONALD DENNISON,
WILL EWING, MARK FANDREY and
DOES 1-10,

        Defendants.

Civil No. 07-6302-AA
OPINION AND ORDER

---

Terence S. McLaughlin
Attorney At Law
P.O. Box 672
Carlton, Oregon 97111
    Attorney for plaintiff

Gerald L. Warren
Attorney at Law
280 Liberty Street, Ste 206
Salem, Oregon 97301-3595
    Attorney for defendants City of Toledo,
    Estate of Sharon Branstitter, James
    Ruggeri and Mark Fandrey

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendants City of Toledo, Estate of Sharon Branstitter, James Ruggeri and Mark Fandrey ("defendants") filed a motion for summary judgment asserting that they are entitled to judgment as a matter of law on plaintiff's claims.  Defendants' motion is granted and this case is dismissed.

<u>BACKGROUND</u>

Plaintiff brings this action asserting three claims against defendant pursuant to 42 U.S.C. § 1983 and one state law claim. Plaintiff first alleges denial of his due process rights under the Fourteenth Amendment, next a violation of his First Amendment right to free speech and assembly, and finally a <u>Monell</u> claim against defendant City of Toledo for an unconstitutional policy, practice, or custom under the Fourteenth Amendment.  Plaintiff also alleges a state law claim for intentional infliction of emotional distress.

Plaintiff qualified for and was receiving Social Security disability benefits.  Based on an anonymous phone call to the Social Security Administration (SSA) investigative office, the Cooperative Disability Investigations Unit (CDIU) conducted an investigation and completed a report recommending termination of plaintiff's benefits.  Plaintiff did not know the identity of the caller or the reason for the call.  On June 6, 2006, plaintiff's benefits were terminated based on the CDIU's report.  The

Page 2 - OPINION AND ORDER

decision to terminate plaintiff's benefits was based in part on
witness statements that included plaintiff's neighbors and former
employer, and others who did not work for the City of Toledo.
City of Toledo employees, however, also cooperated with the CDIU
investigation and provided information about plaintiff.

Plaintiff appealed the termination of his disability
benefits and requested a hearing.  A hearing was held and
plaintiff produced evidence that he remained unable to work due
to leg pain, a spinal condition and lung disease.  The hearings
officer concluded that plaintiff had not experienced medical
improvement and reinstated plaintiff's disability benefits.

Plaintiff alleges that the six-month cessation of disability
benefits was due to defendants' "policy, practice or procedure"
to "make my life a living hell."  Declaration of Edward Johnston,
p. 3, ¶ 2.  Plaintiff alleges that defendants sought to "destroy
his family" and "take away his disability benefits" if he
continued "speaking out on political issues."  Id.  Plaintiff
alleges that defendants made statements during City of Toledo
Council meetings that plaintiff had better "watch his back as a
result of [plaintiff's] political actions" and that plaintiff's
disability benefits were "in jeopardy."  Id.  As a result of
defendants' allegedly threatening statements, plaintiff asserts
that he was "forced to curtail many political activities,"
including taping City of Toledo Council meetings, not running for

mayor of Toledo and halting his "publishing activities."  Id.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the

underlying facts must be viewed in the light most favorable to
the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

DISCUSSION

1. Individual Defendants Not Served

Defendants first request that the five individual defendants
not served (including defendant "Does 1-10") be dismissed.
Plaintiff does not object to this request in his Memo in
Opposition to Defendants' Motion for Summary Judgment.  Plaintiff
filed his Complaint on October 19, 2007.  Those four defendants
properly served filed an Answer on January 25, 2008.  Plaintiff
has not requested to extend the time for service and nor has he
taken any action to serve the remaining five defendants named in
the Complaint (including any Doe defendants).  The court has no
jurisdiction over these parties, therefore, they are dismissed.
See Fed. R. Civ. P. 4(m).

2. Plaintiff's Due Process Claim

Plaintiff appears to allege that he was denied due process
by the defendants when his disability benefits were terminated.
Plaintiff's claim is denied.  It is undisputed that plaintiff's
disability benefits were terminated following an independent
investigation conducted by the CDIU, an agency of the SSA.  I
find no evidence that the individually named defendants were
involved in that decision, nor that they had the power to impact
the decision to terminate plaintiff's benefits.  Plaintiff argues

that the individual defendants filed false reports which led to the CDIU investigation.  Plaintiff provides no evidence in support of this claim other than his bare assertion in the Complaint.

Moreover, a procedural due process claim requires plaintiff to prove: (1) that he had a protectable liberty or property interest; and (2) he experienced a denial of adequate procedural protections in the deprivation of that liberty or property interest.  <u>Foss v. National Marine Fisheries Serv.</u>, 161 F.3d 584, 588 (9th Cir. 1998).  Clearly, plaintiff has a property interest in his disability benefits.  <u>Mathews v. Eldridge</u>, 424 U.S. 319, 332 (1976).  However, regarding the second element, the Supreme Court in <u>Mathews</u> held that "an evidentiary hearing is not required prior to the termination of disability benefits."  <u>Id.</u> at 349.  Disability benefits can be terminated after only some minimal interaction between the claimant and the government regarding the proposed termination, as long as an appropriate evidentiary hearing comes later.  That was exactly the process provided here.  Plaintiff received notification prior to the termination of his benefits.  Plaintiff appealed the termination and requested a hearing.  Plaintiff then produced evidence at the hearing before a SSA hearings officer whereby the officer concluded that plaintiff had not experienced medical improvement and reinstated his benefits.  I find no violation of plaintiff's

Page 6 - OPINION AND ORDER

due process rights even assuming that plaintiff could show that
some action of defendants was the cause of his alleged due
process loss.

3. Plaintiff's First Amendment Claim

Plaintiff's claim under the First Amendment is not clear.
He appears to allege that defendants violated his First Amendment
rights to free speech and assembly by filing reports to deprive
plaintiff of his disability benefits in retaliation for
plaintiff's actions as a political activist.  To state a claim
for First Amendment violation, plaintiff must provide evidence
showing that defendants' actions deterred or chilled his
political speech.  I find no evidence in the record supporting
plaintiff's allegation.  Plaintiff alleges only that one of the
defendants reported him to SSA.  However, reporting plaintiff is
not sufficient, plaintiff must also prove that the defendants'
desire to cause the "chilling" effect was a "but-for" cause of
defendants' actions.  Skoog v. County of Clackamas, 469 F.3d
1221, 1232 (9th Cir. 2006).  First, I find no evidence beyond
plaintiff's bare allegation in his complaint that any of the
moving defendants even reported him to the SSA; second, even
assuming defendants did report plaintiff,  I find no evidence,
nor has plaintiff produced any evidence, that defendants' intent
to deter plaintiff's speech was a "substantial or motivating"
factor in defendants' conduct.  This claim is dismissed.

4. Plaintiff's Monell Claim

       To establish municipal liability, plaintiff must show: (1) he possessed a constitutional right of which he was deprived; (2) the municipality has a policy; (3) the policy amounts to a deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).

       Plaintiff here fails to identify any unconstitutional policy or custom that was the cause of his injury.  Plaintiff asserts only that the City of Toledo had a policy and the individual defendants deprived plaintiff of his constitutional rights pursuant to this policy.  If not relying upon a specific written policy, plaintiff must show a longstanding practice or custom which constitutes the standard operating procedures of the City of Toledo.  Plaintiff presents only conclusory allegations, without evidence of any policy, custom or practice.  These allegations are insufficient to create a genuine issue of material fact.  Plaintiff's claim is denied.

5. Plaintiff's Intentional Infliction of Emotional Distress Claim

       To state a claim for intentional infliction of emotional distress (IIED), plaintiff must prove: (1) defendants intended to inflict severe emotional distress on plaintiff; (2) defendants' acts were the cause of plaintiff's severe emotional distress; and

Page 8 - OPINION AND ORDER

(3) defendants' acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.  <u>Babick v. Oregon Arena Corp.</u>, 333 Or. 401, 411, 40 P.3d 1059 (2002).   Plaintiff alleges that defendants filed a series of false reports, which triggered an investigation by the CDIU.  Plaintiff, however, offers no evidence in support of this allegation beyond his bare assertion.  Moreover, to find that defendants' acts were an extraordinary transgression, the conduct must be deliberate and the means of inflicting the harm must be extraordinary.  <u>Shay v. Paulson</u>, 131 Or. App. 270, 273, 884 P.2d 870 (1994).  Even if plaintiff offered evidence that defendants provided information to the CDIU with the intent to cause him severe emotional distress, the means of inflicting that harm cannot be considered extraordinary.  Finding no genuine issue of material fact, plaintiff's claim is denied.

CONCLUSION

Defendants' motion for summary judgment (doc. 17) is granted and this case is dismissed.  All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this  29  day of January 2009.


<u>       /s/ Ann Aiken       </u>
Ann Aiken
United States District Judge


Page 9 - OPINION AND ORDER